UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
JUAN CRUZ,                          :
                                    :
      Petitioner,             :         Civil Action No. 04-5406 (KSH)
   v.                              :
                                    :         **OPINION**
UNITED STATES OF AMERICA,           :
                                    :
      Respondent.             :
_____:


**KATHARINE S. HAYDEN, U.S.D.J.**

      Petitioner Juan Cruz pled guilty to conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846 and as a result was sentence, by this Court, to a 110 month term of imprisonment with four years supervised release. He now petitions the Court pursuant to 28 U.S.C. § 2255 to vacate or set aside this sentence because his Sixth Amendment rights to effective assistance of counsel and trial by jury were violated.

**BACKGROUND**

      On February 5, 2003 a federal grand jury returned a one-count indictment charging petitioner with conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. Petitioner pled guilty to the federal charge on April 22, 2003, and on November 3, 2003, the Court sentenced him and entered a judgment of

conviction. He received a sentence of 110 month term of imprisonment with four years supervised release. Petitioner did not appeal his conviction or this sentence but did file *pro se* motions for miscellaneous relief, which were entertained by this Court on October 20, 2003. These motions included: (1) an objection to the Pre-Sentencing Investigation Report ("PSR"), alleging overstatement of his criminal history; (2) a request for a downward departure based on pre-sentencing conditions; and (3) a request for a downward departure based on the ineffective assistance of counsel.

**DISCUSSION**

As an initial matter, this Court must review petitioner's request for relief for timeliness. The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes a one-year statute of limitations period on habeas petitions filed under §2255:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of---
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2255. Because petitioner has neither asserted that the Government has impeded the timely filing of his petition nor alleged that there are new facts or legal authority that would support his action, the limitations period for petitioner's motion began to run on the date on which his judgment of conviction became "final."

A "judgment of conviction becomes final within the meaning of § 2255 on the later of 1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denied

the defendant's timely filed petition for certiorari; or 2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F. 3d 565,577 (3d Cir. 1999); see also Clay v. United States, 537 U.S. 522, 532 (2003). If a defendant does not pursue a timely direct appeal, the conviction and sentence become final, and the limitation period begins to run on the date on which the time for filing such an appeal expired. Kapral, 166 F.3d at 577.

Petitioner failed to file a timely direct appeal and so his conviction and sentence became final on the date his right to file an appeal expired. Petitioner had 10 days from the entry of the judgment of conviction within which to file a direct appeal, see Fed. R. App. P. 4(b)(1)(A)(I), which was November 3, 1003. Consequently, his judgment of conviction became final within the meaning of § 2255 on March 13, 2003. Pursuant to the limitations provision, petitioner had one year from then to file a § 2255 petition. Since petitioner's initial post-conviction motion was filed on November 3, 2004 it is timely.

Petitioner raises three claims in his habeas petition. The first two claims concern his Sixth Amendment right to effective assistance of counsel.[1] To wit, petitioner argues his counsel was ineffective because he failed to (1) request a downward departure pursuant to U.S.S.G. § 4A1.3 and (2) appeal his conviction. The third request for relief invokes petitioner's right to a trial by jury. (Petition Brief in Support, at 5.) Petitioner asserts that the Court improperly made a two point enhancement on his sentence for possession of a firearm because possession was

---

[1] It appears from the record that petitioner had more than one attorney throughout his proceedings. At his preliminary hearing, petitioner was represented by CJA attorney, Scott A. Krasny, Esq. but during his arrangement and plea hearing he retained Carlos Perez Olivo, Esq. Sometime between the plea hearing and sentencing, petitioner was again appointed CJA counsel, Linwood A. Jones, Esq. It is unclear when these substitutions of counsel took place and further unclear which attorney failed at what task; however this does not bother the Court because taken as a whole the legal services provided to petitioner met the standard of competency.

3

never found by a jury or admitted by petitioner. (Id.) The Court will discuss each of petitioner's contentions in turn.

1. *Petitioner's assertion that his counsel failed to request a downward departure*

Specifically petitioner claims his counsel was ineffective for (1) failing to request a downward departure under United States v. Shoupe, 988 F.2d 440 (3d Cir. 1993), which held that a downward departure under U.S.S.G. § 4A1.3 is justified in cases where a defendant's criminal history significantly over-represents the seriousness of defendant's past criminal conduct and future threat to society;" and (2) failing to object to a miscalculation of petitioner's criminal history. (Petitioner Brief in Support, at 7.) It is well settled that habeas corpus review "is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotation marks and citation omitted). Thus, where a defendant procedurally defaults by failing to raise a particular claim either at trial or on direct appeal, he cannot later pursue collateral review of the claim in a § 2255 petition unless he demonstrates cause for the default and actual prejudice resulting therefrom. Massaro v. United States, 538 U.S. 500, 504 (2003); see also United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993). These challenges are arguments that were not raised on direct appeal but that could have been.[2] Petitioner's only proffered justification for failing to raise these claims on direct appeal– his attorney failed to file an appeal– lacks merit; therefore he has not demonstrated cause to excuse his procedural default.

2. *Petitioner's assertion that counsel failed to file an appeal*

---

[2] This Court has already addressed and denied these assertions. Prior to his sentencing hearing, on October 8, 2003, petitioner submitted several motions, including a motion for a downward departure from the guidelines based on the over-representation of defendant's criminal history. On November 10, 2003, the Court denied petitioner's request for a downward departure from the sentencing guidelines for various reasons reason set forth at length on the record.

4

Petitioner also asserts ineffective assistance of counsel based on counsel's failure to file an appeal.³  Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), "[a] defendant claiming ineffective assistance of counsel in violation of the Sixth Amendment . . . must show first that counsel's representation was objectively unreasonable, and second, that counsel's deficient performance was prejudicial."  <u>Solis v. United States</u>, 252 F.3d 289, 293 (3d Cir. 2001).  The decision to file an appeal is the petitioner's and counsel must complete this "purely ministerial task" even if he disagrees with his client's decision.  See <u>Anders v. California</u>, 386 U.S. 738, 744 (1967).  If a defendant asked his attorney to file an appeal and his attorney failed to do so, counsel's performance is ineffective under <u>Strickland</u>.  At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.  See <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983) (accused has ultimate authority to make fundamental decision whether to take an appeal).

It is within the sound discretion of the district court to order an evidentiary hearing to resolve factual disputes surrounding an ineffective assistance of counsel claim.  However, the court need not hold a hearing when the record conclusively shows that the petitioner is not entitled to relief on any of his ineffective assistance of counsel claims.  See <u>Solis</u>, 252 F.3d at 293 (holding that district courts generally should hold evidentiary hearings in § 2255 proceedings to resolve disputed factual issues between defendants and their former attorneys, but indicating that "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous").  Here, petitioner does not assert that he told his attorneys to appeal his conviction.  Rather he alleges

---

³ Note that because this claim is truly an ineffective assistance of counsel challenge it is properly raised for the first time in this § 2255 proceeding.  <u>Massaro</u>, 538 U.S. at 504-09.

that his attorneys were aware of his intention to preserve his right to appeal, and therefore, by not filing an appeal violated his right to effective assistance of counsel. (Petitioner's Reply, at 3.) Although caselaw does not require a defendant to explicitly ask for an appeal, petitioner's persistence in preserving his right to appeal during plea negotiations, alone, does not reasonably demonstrated to counsel that he desired to appeal his conviction after the plea was entered. Solis, 252 F.3d at 295. Because petitioner's ineffective assistance of counsel claim is facially deficient, a hearing is not appropriate and the claim is dismissed.

Alternatively, petitioner's challenge could be viewed as raising the question, which lies between the two poles: "Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). In those cases where the defendant does not instruct counsel to file an appeal the Supreme Court requires district courts to determine whether counsel in fact consulted with the defendant about an appeal. Id. at 478. "Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.  The Court must consider all relevant factors in this case to properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal, including whether the conviction followed a trial or guilty plea. This is a highly relevant factor "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. at 480.

6

While petitioner does not discuss consultation of an appeal, he does assert that his counsel "abandoned" him after he entered is plea agreement. (Petitioner's Reply, at 3.) Accepting this allegation as true, the Court finds petitioner's right to effective assistance of counsel was not violated because his attorney had no reason to think "that a rational defendant would want to appeal." As the Government correctly notes, petitioner does not have any nonfrivolous grounds for appeal relating to either his sentence or conviction.

The petition does not attempt to withdraw petitioner's guilty plea. Instead it only challenges the length of the sentence imposed by the Court, asserting (1) a downward departure under U.S.S.G. § 4A1.3 was justified because petitioner's criminal history significantly over-represented the seriousness of his past criminal conduct pursuant to Shoupe and (2) his criminal history was calculated inaccurately in the PSR.

Petitioner's case does not fall within the purview of Shoupe because he committed his first offense at the age of 20 and was in and out of custody for various charges including, weapons offenses, theft and burglary. These factors are distinguishable from those presented in the Shoupe case. In that case the petitioner committed his first offense at age 18 and only committed one crime thereafter. The Third Circuit in granting the petitioner a departure considered his youthfulness and immaturity at the time he committed these two predicate offenses, as well as the time between the commission of his first two predicate offenses. Shoupe, 988 F.2d at 447. Clearly petitioner would not be eligible for the departure granted to the petitioner in Shoupe and any assertion would be frivolous.

Petitioner's miscalculation challenge is equally untenable. The Court finds it unnecessary to rehash this argument because it was addressed in both the October 20, 2003 motion hearing and the November 3, 2003 sentencing hearing. Moreover this assertion is

7

frivolous because were the Court to accept petitioner's calculation as correct, his total criminal history points would still place him at the same offense level. Therefore, the Court will not grant petitioner a Solis hearing and accordingly, his ineffective assistance of counsel claim is denied.

3. *Petitioner's assertion that his right to trial by jury was violated*

Petitioner's allegation that his sentence was illegally enhanced in violation of his right to a trial by jury because the Court increased the base level offense by two levels pursuant to U.S.S.G. § 2D.1 (b)(1) for possession of a firearm in connection with his charged offense is without merit. In this Circuit, stipulations in plea agreements are considered binding. See, eg., Cupak v. United States, No. 01-2628, 2002 WL 31412507, at *2 (3d Cir. Oct. 28, 2002) (holding that defendant could not appeal his sentence as he was bound by the stipulations incorporated into his plea agreement); United States v. Brown, No. 00-2613, 2002 WL 1354690, at *2 (3d Cir. June 21, 2002) (precluding defendant from attempting to contradict his sentencing stipulation); United States v. Feng Chen, No. 00-2361, 2002 WL 229693, at *2 (3d Cir. Feb. 15, 2002) (refusing to allow defendant to repudiate a stipulation to which he agreed). When petitioner pleaded and was sentenced, he accepted the stipulations of the plea agreement and was sentenced based on those stipulations.

The plea agreement stipulated that petitioner possessed a firearm in connection with the offense, which resulted in an increased of two levels. This petition offers no basis for repudiating the stipulation and accordingly petitioner's assertion that his right to trial by jury is without merit.

**CONCLUSION**

For the reasons set forth above, petitioner's habeas petition pursuant to § 2255 is **denied**. An appropriate order follows.

Dated: November 22, 2005

                                              s/ Katharine S. Hayden
                                              Katharine S. Hayden, U.S.D.J.