**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

JUAN CRUZ,

   Petitioner,

  v.              Civ. Action No. 04-5406 (KSH)

UNITED STATES OF AMERICA,

   Respondent.         **OPINION**

**Katharine S. Hayden, U.S.D.J.**

  Petitioner Juan Cruz has filed a pro se "Motion for Leave to Supplement and Amend 28 U.S.C. 2255." For the reasons expressed below, the petition is **dismissed**.

**I. BACKGROUND**

  On April 22, 2003, petitioner Juan Cruz pled guilty to conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846 and this Court sentenced him to a 110 month term of imprisonment with four years supervised release on November 3, 2003. In November, 2004, Cruz petitioned this Court pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence, arguing that he received ineffective assistance of counsel and was not afforded his right to trial by jury. Cruz's petition provided three reasons why he was entitled to relief. First, he claimed that his attorney's failure to object to the overstatement of his criminal history constituted ineffective assistance of counsel because it resulted in a higher sentencing range under the guidelines. Second, he claimed that his attorney's failure to file a notice of appeal also constituted ineffective assistance of counsel. Third, he argued that his right to trial by jury was violated because his sentence was enhanced based on facts that were neither admitted to nor

1

Dockets.Justia.com

found by a jury. The Court denied the petition on all three grounds, setting forth its reasons for denial in an opinion dated November 22, 2005.

On February 21, 2007, Cruz filed a pro se "Motion for Leave to Supplement and Amend 28 U.S.C. 2255." In his latest filing, he asks the Court "to keep his 28 U.S.C. 2255 motion open pending the outcome of" state habeas corpus proceedings challenging prior convictions that enhanced the sentence he received from this Court. Cruz argues that he is entitled to relief because his federal sentence was enhanced by prior state convictions which are likely to be overturned on collateral review.

## II.   DISCUSSION

Cruz's petition must be dismissed for two reasons. First, there is no petition for the Court to "hold open" because the Court denied Cruz's first petition on November 22, 2005.[1] Cruz's latest filing, therefore, must be considered a second petition brought pursuant to 28 U.S.C. § 2255 and the Antiterrorism and Effective Death Penalty Act ("AEDPA") strictly limits the situations under which a prisoner may file a second, or successive, § 2255 habeas petition. Before a district court can address the merits of a successive § 2255 petition, AEDPA requires a three-judge panel of Third Circuit Court of Appeals to certify that the new petition contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

---

[1] Cruz wrote the Clerk's Office in December, 2006 inquiring about the status of his action and providing a change of address. (Docket entry # 10.) Even if he was unaware that his first petition had been dismissed, this would not affect the Court's decision for the reasons expressed below.

Cruz's petition is procedurally barred because the Third Circuit has not certified that it is premised on either newly discovered evidence or a new rule of constitutional law. In a situation such as this, AEDPA's "statutory directive means that a district court . . . must either dismiss [the unapproved second or successive habeas petition] or transfer it to the appropriate court of appeals." Robinson v. Johnson, 313 F.3d 128, 139–40 (3d Cir. 2002) (quoting United States v. Enigwe, No. 92-257, 1998 U.S. Dist. LEXIS 15149, at *11–12 (E.D. Pa. Sept. 28, 1998)). Here, the Court will dismiss the petition because it is clear that the petition is not based on either newly discovered evidence or a new rule of constitutional law, thus making a transfer to the Third Circuit futile.

Second, even if the AEDPA did not bar the Court from reviewing Cruz's petition, dismissal would still be required on the merits. Relying on Custis v. United States, 511 U.S. 485 (1994), and United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996), Cruz asks this Court to grant him § 2255 relief based on the possibility that state criminal convictions that enhanced his federal sentence might be overturned on collateral review. Cruz's reliance on Custis and Pettiford is misplaced.

In Custis, the petitioner attempted to use a federal habeas petition to collaterally attack state court convictions, in an effort to reduce his federal sentence. 511 U.S. at 488–89. The Supreme Court held that federal law did not authorize federal courts to grant the requested relief. Id. at 497. However, the Court stated in dicta that "[i]f Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application." Id. at 497.

Pettiford addressed the hypothetical question left unanswered by the Supreme Court in Custis. There, the petitioner was convicted of being a felon-in-possession of a firearm and was given a 15 year mandatory minimum sentence based on nine prior state convictions for violent felonies. 101 F.3d at 200. The petitioner later succeeded in vacating eight of the nine state convictions on state habeas review and filed a § 2255 habeas petition asking to be resentenced in light of the vacated convictions. The district court granted the petition and resentenced him to time served and the First Circuit affirmed, stating that "Custis . . . indicates the acceptability of this post-sentence proceeding." Id. at 202.

Custis and Pettiford stand for the proposition that a petitioner may be entitled to § 2255 habeas relief if state criminal convictions were used to enhance a federal sentence and at least one of those state convictions is subsequently vacated. These cases do not entitle Cruz to relief unless and until he succeeds in vacating a state criminal conviction that was used to enhance his federal sentence. Therefore, even if the Court could reach the merits of the petition, the Court would be required to deny it.

### III. CONCLUSION

For the foregoing reasons, Cruz's petition is **dismissed**.

Dated: August 16, 2007              /s/ Katharine S. Hayden

                                                     Katharine S. Hayden, U.S.D.J.